800

District Court, For N. D. West Virginia.
Dec. 24, 1938.

James C. McManaway, of Clarksburg, W. Va., for bankrupt.

Stathers, Stathers & Cantrall and Frederick W. Ford, all of Clarksburg, W. Va., for objecting creditors.

HARRY E. WATKINS, District Judge.

April 2, 1938, the bankrupt filed his petition and was later adjudicated a bankrupt, and on May 28, 1938, he applied for his discharge. Three specifications of objections to discharge were filed by Sistersville Tank and Boiler Works and the Barnes and Brass Electric Company. The matter was referred to a referee in bankruptcy as special master to take testimony and to report his findings on the specifications of objections. The master filed his report, finding that none of the specifications had been sustained and that bankrupt was entitled to his discharge. Sistersville Tank and Boiler Works, hereinafter referred to as objector, filed exceptions to the master's report, alleging that the bankrupt had obtained an extension or renewal of credit by making a materially false statement in writing respecting his financial condition, and that he should be denied a discharge.

In June, 1937, bankrupt and Old Tavern Brewing Company, in which bankrupt was interested, were each in precarious financial condition. Bankrupt was endorser or guarantor on many notes of the latter company, including two notes held by objector for $1200 and $1700, respectively.

On June 15, 1937, bankrupt wrote objector that the brewing company had not been able to pay current expenses; that efforts were being made to effect a reorganization at the expense of shareholders, or to sell the property for enough to pay debts; that "In order to keep the company going I have personally put in every cent I could raise, even to the extent of mortgaging my home for all its worth, and have reached the end of my rope". He also stated, "If all of our efforts fail and it comes to the worst and the company has to liquidate, I hope you will not proceed against me as I am perfectly willing to assume any loss you suffer on the account guaranteed by me and pay it proportionately along with my other debts. Besides my stock investment the company owes me approximately $60,000.00 for cash advanced and I have never had a cent salary, expense or interest, and am willing for you to be paid in full before I get anything". He further stated that he would submit a personal statement, if desired, and gave the vice president of his bank and his attorney as references. The record does not show that such personal statement was ever requested or that the references were consulted concerning bankrupt's affairs. On June 25 bankrupt voluntarily wrote the same company again as follows: "I am endorser or guarantor on debts of Old Tavern Brewing Company owing the

following creditors in approximately the amounts listed". He then listed 12 creditors with debts totaling $12,373.43 and followed: "In consideration of not being sued as endorser or named in any legal action you may contemplate, I will assume any loss on the accounts endorsed or guaranteed by me". On November 22, new notes were executed by the brewing company and debtor and delivered to the objector. Bankrupt's schedules, dated March 31, 1938, and filed two days later, show him to be accommodation endorser or guarantor for the brewing company in the amount of $31,703.20. It is claimed that the letter of June 23 was false in that it did not include all the debts upon which bankrupt was endorser.

To bar bankrupt's application for discharge under Section 14b (3) of the Bankruptcy Act, 44 Stat. 665, 11 U.S.C.A. § 32(c) (3), these facts must occur: (1) The statement must be materially false. (2) The statement must be in respect to his financial condition. (3) The statement must be in writing. (4) The statement must be given to obtain credit or an extension of credit. (5) Credit or extension of credit must be given on the faith of the statement.

The master does not make a finding as to the falsity of the statement in question, but does find that the letter of June 23 is not a "financial statement" within the purview of the act. I can not agree with the master in this respect. While the statement is not a "financial statement" in the sense that these words are commonly used, giving fully all assets and liabilities, it is, nevertheless, a statement "in respect to his financial condition".

Objector does not deny the truthfulness of any single statement contained in the letter. The amount stated to be due each creditor is true. It is contended, however, that in listing only a part of the creditors, the inference is that there are no others, and, to such extent, the letter as a whole, is not only a misrepresentation, but a falsity. I can not agree with this conclusion.

The letter does not purport to give all the debts of the brewing company upon which the bankrupt was endorser. It merely states that he is endorser on certain debts, giving the names of such creditors and the amounts due. Bankrupt explains that the creditors listed in the letter were those who were bringing or threatening action, and he was writing to get them to give him further time.

The statute has reference to a statement, materially false in fact, deliberately made for the purpose of deceiving or made "recklessly, without an honest belief in its truth, and with a purpose to mislead or deceive". Third National Bank v. Schatten, 6 Cir., 81 F.2d 538, 540; Farmers' Savings Bank v. Allen, 8 Cir., 41 F.2d 208, 211. The letter written by bankrupt to exceptor is not shown to have been of that character.

The exceptions to the master's report will be overruled. The master's report will be confirmed as herein indicated, and the bankrupt granted his discharge. An order may be submitted accordingly.